IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SUSAN SHOTT,<br><br>    Plaintiff,<br><br>v.<br><br>VEDDER PRICE,<br><br>    Defendant. | No. 13-C-50030<br><br>Judge Frederick J. Kapala<br>Magistrate Judge P. Michael Mahoney |

## **MOTION TO DISMISS**

Defendant Vedder Price P.C. ("Vedder"), pursuant to Rule 12(b)(6) of the Federal Rules of Procedure, moves to dismiss the Complaint of Plaintiff Susan Shott. In support of this Motion, Vedder submits a supporting Memorandum and further states as follows.

1. Plaintiff, proceeding *pro se*, is suing her employer Rush University Medical Center ("Rush") in another action pending in this Court, *Susan Shott v. Rush University Medical Center*, Case No, 11 cv 50253.

2. Attorneys from Vedder Price P.C. appeared on behalf of Rush in that lawsuit.

3. Following rulings on motions to dismiss filed by Rush, Plaintiff's remaining claims in that action are that: Rush discriminated against her because of her Jewish religion in salary and promotion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Rush discriminated against her by creating a hostile work environment because of her disability in violation of the Americans with Disabilities Act's ("ADA") Title I employment discrimination provisions, 42 U.S.C. § 12101-12117; Rush retaliated against her for complaining of racial discrimination in violation of 42 U.S.C. § 1981; Rush retaliated against her for

-2-

complaining of religious discrimination in violation of Title VII; and Rush retaliated against her for complaining of disability discrimination in violation of Title I of the ADA. (*Id.*)

4. On January 9, 2013, Vedder attorneys served Plaintiff with notice of her deposition to take place on February 26, 2013. The notice specified 9 A.M. as the starting time and that the place of the deposition was to be Vedder's offices, located at 222 North LaSalle Street in Chicago.

5. Plaintiff has refused to appear for her deposition at the place and time noticed based upon her claims about her medical condition.

6. Attorneys from Vedder requested that Plaintiff provide a doctor's statement to support her claim that she is unable to appear for her deposition at the place and time noticed due to her medical condition.

7. Plaintiff has failed and refused to produce any such statement and instead has filed this lawsuit against Vedder under Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12188.

8. Plaintiff alleges that Vedder is a place of public accommodation under Title III of the ADA and that Vedder has violated Title III by not agreeing that her deposition would be taken in the afternoon and by audio or video conferencing or at a location farther from downtown Chicago.

9. Plaintiff's complaint should be dismissed for failure to state a claim. She is not being denied access to Vedder's facility, nor is she being denied use of Vedder's facility in the same way as nondisabled persons. Rather, she is refusing to come to Vedder's office. Thus, no violation of Title VII of the ADA is alleged.

-3-

10. Further, this lawsuit should be dismissed because it actually concerns a discovery matter appropriately resolved under the Federal Rules of Civil Procedure, not by a lawsuit under ADA Title III.

WHEREFORE, Defendant Vedder Price P.C. prays that the Complaint of Plaintiff Susan Shott be dismissed with prejudice.

        Respectfully submitted,

        VEDDER PRICE P.C.

        By:   s/ Michael G. Cleveland
              One of Its Attorneys

Michael G. Cleveland
Brandon Dixon
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois 60601-1003
T: +1 (312) 609-7500

Dated: February 19, 2013

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused copies of the foregoing MOTION TO DISMISS to be served upon:

Susan Shott
P.O. Box 671
Harvard, Illinois  60033
stattwit@gmail.com

by electronic means, U.S. Mail and email on February 19, 2013.

                                              s/  Michael G. Cleveland
                                              Michael G. Cleveland