**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

CERTIFIED COPY

Submitted August 15, 2013[*]
Decided August 16, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 13-1732 | |
| SUSAN SHOTT,<br>    *Plaintiff-Appellant,*<br><br>v.<br><br>VEDDER PRICE, P.C.,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division.<br><br>No. 13 C 50030<br><br>Frederick J. Kapala,<br>*Judge.* |

### O R D E R

    Susan Shott claims that Vedder Price, a law firm, has violated Title III of the Americans with Disabilities Act, which prohibits discrimination in places of public accommodation. *See* 42 U.S.C. §§ 12181–12188. Her lawsuit against Vedder arises from a discovery dispute in litigation she filed in federal court against Rush University Medical Center, where she is employed as a statistics professor. In that ongoing suit—her second

---

    [*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

against Rush—Shott claims that she was discriminated against based on a disability, her race, and her religion. *Shott v. Rush Presbyterian Med. Cntr.*, No. 11 C 50253 (N.D. Ill. filed Sept. 9, 2011); *see Shott v. Rush-Presbyterian-St. Luke's Med. Cntr.*, 338 F.3d 736 (7th Cir. 2003). Vedder represents Rush.

Vedder notified Shott that the firm would depose her in the lawsuit against Rush on the morning of February 26, 2013, at its office in downtown Chicago. Shott, who does not have a lawyer in that litigation, responded that her rheumatoid arthritis and pulmonary hypertension preclude her from being deposed in the morning and from traveling to polluted areas, which, she said, include downtown Chicago. Vedder requested a doctor's statement describing these limitations. Instead of complying, Shott filed her suit under the ADA demanding that Vedder be forced to accommodate her disability by changing the time and place of her deposition. *See* 42 U.S.C. § 12188(a)(2). She also asked the court to enjoin Vedder from discriminating against *all* individuals with disabilities and to order Vedder employees to undergo disability-awareness training. The district court granted Vedder's motion to dismiss for failure to state a claim. The court noted that Shott had escalated "a simple discovery dispute" into an ADA suit that is unrelated to Vedder's downtown office or to any services connected with that facility.

The district court admonished Shott that her ADA claim is frivolous, but that did not deter Shott from pursuing this frivolous appeal. A lawyer's office is a place of public accommodation, 42 U.S.C. § 12181(7)(F), and thus Title III would forbid a legal office from excluding "disabled persons from entering the facility and, once in, from using the facility in the same way that the nondisabled do." *Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999). Shott does not allege, however, that she was refused equal access to Vedder's office and could not take advantage of services available to persons who are not disabled. *See Kolling v. Blue Cross & Blue Shield of Mich.*, 318 F.3d 715, 716 (6th Cir. 2003); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612–13 (3d Cir. 1998). Instead she says that her deposition should be moved somewhere *outside* of Vedder's office because getting downtown—indeed, being downtown—will aggravate her disabling conditions. This is a discovery dispute that should have been resolved in the pending litigation between Shott and Rush, not in a separate lawsuit. *See* FED. R. CIV. P. 26(c)(1)(B).

We have reviewed Shott's remaining arguments, and all are without merit.

AFFIRMED.